(105 So. 694)

### ASHCRAFT v. CHAMBLEE et al.
### (8 Div. 717.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. **Injunction** ⚙⟳118(2)—**Bill to enjoin interference with complainant's business must show complainant's possession of premises under superior right to those of respondents.**

In suit to enjoin respondents from interfering with complainant's business, where it appeared from original bill that business itself was not disturbed, but that complainant's clerks were usurping control of business, and were excluding complainant from premises, *held*, under allegations, that control of premises was inseparably connected with control of business, and complainant must necessarily show lawful possession under superior right to that of respond-

---

ents to entitle him to injunctive relief, and, where this appeared only by doubtful reference, demurrer was properly sustained.

## 2. Injunction ⬅128—Finding that complainant's right of possession to premises and goods was of serious doubt, not entitling him to injunction, held supported by evidence.

In a proceeding by complainant to enjoin defendants from interfering with his business, finding that complainant's right to possession of building in question and title to goods therein were matters of serious doubt, not entitling complainant to injunction, *held* supported by the evidence.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Bill in equity by E. H. Ashcraft against A. W. Chamblee and others. From a decree denying relief, complainant appeals. Affirmed.

Omitting formal parts, the bill of complaint shows as follows:

"Second: That on or about the 15th day of February, 1923, your orator purchased at the bankrupt sale of Chamblee Bros. the stock of goods, fixture, and furniture used in connection with the business which was a general mercantile business theretofore conducted by the said A. W. Chamblee and G. F. Chamblee.

"Third: That immediately thereafter all of said stock of goods, wares, and merchandise, fixtures, and furniture which had theretofore been located in two separate stores or places of business were removed by your orator, or under his direction, to a storehouse on the north side of the public square in the city of Huntsville, Ala., * * * which said store had also been occupied by the said defendants at and prior to the time of their adjudication in bankruptcy, and thereupon orator began to conduct a general mercantile business in said store.

"Fourth: That orator employed the said defendants as clerks to work for him and assist in the conduct of his said mercantile business, and also employed other clerks, and continued to conduct said business in a regular and orderly manner until the 13th day of July, 1923, when the said defendants began to cause your orator great trouble in and about the conduct of his said business, and to refuse to obey your orator's instructions as to the conduct of said business, and refused to be discharged or to leave your orator's place of business, although ordered so to do by your orator.

"Fifth: That your orator was unable to completely exclude said respondents from his place of business owing to the fact that your orator had permitted the defendants G. F. Chamblee, and Mrs. G. F. Chamblee to reside in the second story of the building in which the business was being conducted, and had left them in possession of the keys in order that they might have access to their place of residence and also as clerks to open and close the store.

"Sixth: That upon the opening of business to-day orator again attempted to discharge and exclude the defendants from his place of business, and attempted to change the lock on said place of business, when he was prevented from so doing by threats and demonstrations of violence on the part of the defendants; the defendants also taking possession of the cash register and cash, and refusing to allow orator access thereto, unless orator used such force as to amount to a breach of the peace, and probably to cause serious difficulty and infraction of the law.

"Seventh: That said defendants are still in said store refusing to allow your orator access to the cash register and refusing to obey your orator's instructions, refusing to be discharged, and generally interfering and taking charge of your orator's business by force and threats. That defendants are insolvent.

"Wherefore, the premises considered, orator, being otherwise remediless, prays that summons and all other needful process issue to them the said A. W. Chamblee, G. F. Chamblee, and Mrs. G. F. Chamblee, making them and each of them defendants to this bill, and that the writ of injunction of this honorable court issue, enjoining, prohibiting, and restraining the said defendants, and each of them, from going upon the premises above described wherein your orator is conducting his business or from in any manner interfering with your orator in the conduct of his said business, and that upon the final hearing hereof said injunction be made perpetual and for such other, further and different relief as to the court may seem mete and proper, or justice and equity may require."

The trial court sustained a demurrer to the bill on the ground that it did not show a clear title and undisturbed possession of the premises involved. Whereupon complainant amended the bill by adding the following to paragraph 3:

"That immediately upon said sale the complainant entered into possession of the storehouse above described, and has continued in the peaceful and uninterrupted possession of said storehouse until the matters and things hereinafter alleged, and has the right of the free and uninterrupted use and enjoyment of said premises, and is the owner of the legal title of the goods, wares, merchandise, and fixtures described herein."

Demurrer to the bill as amended, on numerous grounds, was sustained generally, and thereupon the bill was again amended by adding the following to paragraph 3:

"Said storehouse having been occupied by defendants A. W. and G. F. Chamblee under a lease from Pitman Bros., which said lease was assumed for a period of six months from the adjudication of said Chamblees as bankrupts by their trustee in bankruptcy, and upon the purchase of said stock, furniture, and fixtures by complainant, as above alleged, complainant subleased said premises from said trustee in bankruptcy for the balance of said term of six months from said Pitman Bros. for the remainder of the year 1923. Complainant entered into the possession of said premises under the leases above referred to, and remains in the free, uninterrupted, undisputed, and continuous possession and occupation of said premises, and is now enjoying such free, uninterrupted, undis-

---

turbed, and continuous possession thereof, except for the matters and things hereinafter alleged."

And by adding the following to paragraph 5:

"Whatever use and possession of the keys or of said premises has been had by these defendants, as above alleged, was had by them by virtue of their relation to complainant as such clerks in said store, and in recognition of the superior right and possession of complainant and not in opposition or denial thereof, but by the permission of complainant as above alleged."

Demurrer to the bill as last amended was overruled, and the cause was thereafter submitted on pleadings and proof for final decree.

The findings of the trial court are stated in its opinion as follows:

"The reading of the pleadings and proof in this case are most convincing that the right to the possession of the building and the title to the goods are matters of serious doubt. On the very threshold of the case it is doubtful whether complainant or one of the defendants was the purchaser of the goods; it is doubtful (whether) or not the complainant purchased the goods or simply loaned the money with which to purchase them; and, even though he were the purchaser, it is certain that he either sold the goods to the defendants, or that there was an arrangement whereby the goods should be repurchased. It is needless to go into the various phases of the evidence. Complainant's own evidence shows that the defendants, or at least the male defendants, were acting in a different capacity than mere clerks.

"It is not the function of the court, in a proceeding like this, to determine the rights of the parties to the property that is the subject of the suit. Before the complainant could ask the relief prayed, his title should have been clear and his possession undisputed. He should have brought proper common-law actions first, or at least should have only sought a temporary restraint upon defendants until his title and rights were established at law."

The bill of complaint was dismissed, and the writ of injunction dissolved, and complainant appeals.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellant.

Counsel argue for error in the decree, and cite Hardien-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657.

Douglass Taylor and Watts & White, all of Huntsville, for appellees.

Equity will not grant an injunction to quiet possession, where both possession and the right of possession are disputed. Hamilton v. Brent Lbr. Co., 127 Ala. 78, 28 So. 698; Ashurst v. McKenzie, 92 Ala. 490, 9 So. 262; Kellar v. Bullington, 101 Ala. 267, 14 So. 466; McMillan v. Aiken, 182 Ala. 303, 62 So. 519. The remedy is at law and is adequate. 32 C. J. 141; Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129.

SOMERVILLE, J. Complainant's theory of his original bill is that it was a bill to protect his business from the wrongful and injurious interference of others, and hence that the possession, or right to possession, of the premises whereon the business was being conducted was not essential to the equity of the bill, relying upon the case of Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657.

It is to be noted, however, that in that and in other cases recognizing that principle the interference was by outsiders who were unlawfully disturbing the business itself, and not merely by insiders who were disturbing, not the business itself, but the owner's exclusive right to conduct and control the business.

[1] The original bill in this case does not allege that the business itself had been disturbed, but only that complainant's clerks, who were occupying the premises by his permission, had usurped control of the business, had refused to be discharged, and were excluding, or attemping to exclude, complainant from possession and control.

Under the conditions alleged we think it is clear that the control of the business by complainant was inseparably connected with his control of the premises; and that, before he could invoke the injunctive aid of equity to protect him against the alleged interference with his business, it was necessary for him to show that he was lawfully in possession of the premises, under a right superior to that of respondents.

This did not appear except by doubtful inference, and the first amendment did not remedy the defect. The trial court did not err, therefore, in sustaining the demurrers to the original bill, and also to the bill as first amended.

[2] We have examined the evidence with due care, and we think it fully supports the trial court's findings of fact and conclusions of law as set forth in his opinion supra.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.